SAMUEL HOROWITZ et al., Copartners Doing Business as HOROWITZ & RUBIN, Respondents, v. ALLEY POND APARTMENTS #1, INC., et al., Appellants, et al., Defendants. (Consolidated Appeals.) — In this action to recover for work, labor and materials, plaintiffs allege that, after partial performance of the contracts for such work, labor and materials, they have rescinded the contracts by reason of alleged fraudulent representations by the defendants which induced the execution thereof. The defendants, except Planet Construction

Corp. and Morris Levine, moved to stay the action by reason of the provisions for arbitration in the contracts. Said defendants appeal from orders on reargument of motions directing a trial by a court and jury of the issue as to whether plaintiffs were induced by fraud to enter into the contracts; directing the examination of defendants before trial; and holding in abeyance the motion for a stay pending the trial of the issue of fraud. Said defendants also appeal from an order striking out separate defenses in their answer setting up the arbitration agreements. Order holding in abeyance the motion for a stay and order striking out defenses, affirmed, without costs. No opinion. Order granting examination before trial modified on the law by striking out the items in the third ordering paragraph and by substituting therefor: "1. All the competent facts and circumstances to prove: (a) That prior to and at the time of the execution of the contracts between plaintiffs and Big W Construction Corp., the other defendants were its agents or principals in the negotiation for said contracts. (b) That in furtherance of a certain building project or projects known as Alley Pond Apartments, these defendants made application to the Federal Housing Administration for a loan by said Administration in the amount of approximately $5,000,000. (c) That prior to and at the time of the execution of said contracts, the defendants Morris Levine and Planet Construction Corp. were empowered to act for and in behalf of all of the other defendants, and to make various representations in behalf of said other defendants. 2. All of the competent facts and circumstances relating to all representations made by defendants to plaintiffs prior to the execution of the said contracts as to the cost or estimates of cost of the work and materials to be supplied by the plaintiffs. 3. All of the relevant facts and circumstances relative to the amount of the loan approved by the Federal Housing Administration with a breakdown as to the approval by said Administration of the various amounts required to complete the said projects in so far as they relate to the plumbing, heating and oil burner work required. 4. All of the competent facts and circumstances to prove that the Federal Housing Administration estimated that the reasonable cost and value of the plumbing and heating work necessary to complete the buildings referred to in the complaint, was in excess of the sum of $1,000,000, and to prove that such work could not be completed for $550,000." As so modified, the order is affirmed, without costs. Order directing a trial modified on the law by adding to the first question in the fourth ordering paragraph the words: "by representing that the Federal Housing Administration had estimated $550,000 as the cost of the items of labor and materials covered by said contracts?" and by adding to that paragraph the following: " (3) Could the labor and materials called for by the said contracts have been supplied at a cost not in excess of $550,000?" As so modified, order affirmed, without costs. The appellants by moving for a stay of the action in reliance on the provisions of the contracts for arbitration, authorized an inquiry by Special Term as to whether there were issues to be determined by a trial prior to the making of a direction for arbitration. The affidavits submitted by respondents at the time appellants' motion was heard, justified Special Term in directing a trial by a court and jury to determine whether the contracts were entered into by the respondents because of alleged false representations as to an estimate made by the Federal Housing Administration for the labor and materials covered by the contracts here involved. However, unless the contracts were rescinded because of such representation, arbitration must be directed. The issues framed by the order do not require a specific

finding that there was such misrepresentation and do not require a finding that the work could or could not have been performed at a cost of $550,000 or less. If the work could have been performed for that figure, respondents could not rescind. The modification of the order for the examination is required because as ordered under the items, inquiry could be made as to representations at times other than prior to the execution of the contracts and as to matters not related to the work called for by the contracts. Presently, respondents are not entitled to examine as to the work and materials supplied by them. They may examine to establish that the contract could not be performed for $550,000. Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur. [See *post*, p. 894.]